David Lawrence Oberg, State Bar No. 137538
Madison Brooke Oberg, State Bar No. 329223
**OBERG LAW GROUP, A.P.C.**
23679 Calabasas Road, Suite 541
Calabasas, California 91302
Telephone: (818) 223-9384
Facsimile: (818) 743-7612
Email: david@oberglawapc.com; madison@oberglawapc.com

Attorneys for Plaintiff, Urbana Chapa Lawrence

# UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA—SAN FERNANDO VALLEY DIVISION

| | |
|---|---|
| In re<br><br>PHILIP M. LAWRENCE, II,<br><br>    Debtor.<br>------------------------------------------------------------<br>URBANA CHAPA LAWRENCE,<br><br>    Plaintiff,<br><br>vs.<br><br>PHILIP M. LAWRENCE, II<br><br>    Defendant. | Case No. 1:23-bk-11082-VK<br><br>Chapter 7<br><br>Adv. Proc. No. 1:23-ap-_____-VK<br><br>**COMPLAINT TO DETERMINE DEBT NON-DISCHARGEABLE UNDER 11 U.S.C. § 523**<br><br>**Status Conference:**<br>Date:  [To be set by the Court]<br>Time:  [To be set by the Court]<br>Ctrm:  "301"<br>        21041 Burbank Boulevard<br>        Woodland Hills, California 91367 |

Urbana Chapa Lawrence, the plaintiff herein ("Urbana"), alleges as follows:

## JURISDICTION AND VENUE

1. On August 3, 2023, defendant Philip M. Lawrence, II ("Defendant") filed a voluntary petition pursuant to Chapter 11 of Title 11 of the United States Code, in the United States Bankruptcy Court for the Central District of California ("Bankruptcy Court"). On September 12, 2023, the Defendant's case was converted to a case under Chapter 7 of the Bankruptcy Code. Defendant's case is pending before the Bankruptcy Court as Case No. 1:23-bk-11082-VK.

-1-

2. The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §1334 and 11 U.S.C. § 523.

3. The United States District Court has referred this matter to the Bankruptcy Court pursuant to 28 U.S.C. §157(a).

4. The Bankruptcy Court has jurisdiction to hear this matter as a core proceeding pursuant to 28 U.S.C. §157(b)(2)(I).

5. Venue is proper pursuant to 28 U.S.C. §1408.

## COMMON ALLEGATIONS

6. Urbana repeats, realleges and incorporates by reference herein Paragraphs 1 through 5, inclusive, of this Complaint as though fully set forth hereat.

7. Urbana and Defendant were married on March 22, 2017, but they have been together for almost fifteen years. They have four children together. On October 28, 2022, they filed for divorce, and that action is pending before the Los Angeles Superior Court as Case No. 22STFL11850 ("Divorce Case").

8. Defendant is a successful songwriter, producer, and performer and collaborates with the famous singer, Bruno Mars. On or about February 7, 2020, Defendant sold a portion of his music catalog for approximately $90 million (hereinafter, the "Sale Proceeds").

9. Defendant failed to pay any tax on the Sale Proceeds.

10. On August 3, 2023, Defendant commenced this bankruptcy case. At that time, Defendant filed his bankruptcy schedules ("Schedules") with the Bankruptcy Court [*Dkt 1 - 3*]. Defendant listed the unpaid tax obligation in his Schedule D, identifying $12,249,657 owed to the Franchise Tax Board ("FTB") and $15,505,183 owed to the Internal Revenue Service ("IRS").

-2-

**FIRST CLAIM FOR RELIEF**
(To Determine Debt Non-Dischargeable Pursuant to 11 U.S.C. §523(a)(2)(A))

11. Urbana repeats, realleges and incorporates by reference herein Paragraphs 1 through 10, inclusive, of this Complaint as though fully set forth hereat.

12. In or about February 2020, Defendant represented to Urbana verbally and in writing that the Sale Proceeds were an asset that was for the benefit of himself, Urbana, and their four children. Defendant further represented to Urbana that he would pay all taxes resulting from the Sale Proceeds.

13. On or about October 15, 2021, Defendant asked Urbana to sign California and federal tax returns for tax year 2020 on behalf of himself and Urbana. Defendant represented to Urbana that: (a) the tax returns were complete and accurate; (b) the Sale Proceeds identified in the returns and the corresponding tax liability were part of their joint estate; and (c) he would pay in full the tax liability for the Sale Proceeds. He made these representations with the intention of deceiving Urbana into signing the tax returns.

14. In reliance upon Defendant's representations, Urbana signed the 2020 tax returns.

15. Defendant's representations were false when he made them. The actual facts were that: (a) the tax returns were not complete and accurate; (b) Defendant never intended to share the Sale Proceeds with Urbana but only intended for Urbana to be burdened by the tax liability; and (c) Defendant never intended to pay the taxes. Urbana did not know Defendant's representations to be false and reasonably relied on the same.

16. As a direct and proximate result of Defendant's false representations, Urbana signed the tax returns and unknowingly agreed to be liable for approximately $27 million in tax liabilities resulting from the Sale Proceeds. However, the full extent and damage caused by Defendant's actions is not fully known to Urbana at this time, and Urbana will amend this complaint to assert the

-3-

same as discovery is commenced.

17. As a direct and proximate result of Defendant's false pretenses, false representations, or actual fraud, Urbana has suffered damages in an amount to be proved at trial. As such, Urbana is entitled to a judgment in an amount certain, and a determination that such amount is non-dischargeable pursuant to Bankruptcy Code § 523(a)(2)(A).

18. Urbana is informed and believes, and based thereon alleges that in doing the things alleged herein, Defendant acted with malice, oppression, and willful disregard for the rights of Urbana, and by reason of these acts, Urbana is entitled to punitive and exemplary damages in an amount subject to proof at trial.

## SECOND CLAIM FOR RELIEF
(To Determine Debt Non-Dischargeable Pursuant to 11 U.S.C. §523(a)(6))

19. Urbana repeats, realleges and incorporates by reference herein Paragraphs 1 through 18, inclusive of this Complaint as if fully set forth hereat.

20. As set forth above, Defendant's willful and malicious conduct caused injury and damages to Urbana in an amount to be proved at trial. Accordingly, grounds exist for determining Defendant's obligations to Urbana to be non-dischargeable pursuant to Bankruptcy Code §523(a)(6).

WHEREFORE, Urbana prays for judgment against Defendant as follows:

1. For a judgment in favor of Urbana and against Defendant in amount certain;

2. For a judgment determining that such amount owed by Defendant to Urbana is non-dischargeable pursuant to Bankruptcy Code §§ 523(a)(2) and/or (a)(6); and

3. For such other and further relief as the Bankruptcy Court deems just and proper.

Dated:  December 11, 2023            Oberg Law Group, A.P.C.

By: */s/ David Lawrence Oberg*
David Lawrence Oberg
Madison Brooke Oberg
Attorneys for Plaintiff Urbana Chapa Lawrence

-4-

B1040 (FORM 1040) (12/15)

| ADVERSARY PROCEEDING COVER SHEET<br>(Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER<br>(Court Use Only) |
|---|---|
| **PLAINTIFFS**<br>Urbana Chapa Lawrence | **DEFENDANTS**<br>Philip M. Lawrence, II |
| **ATTORNEYS** (Firm Name, Address, and Telephone No.)<br>Oberg Law Group, APC<br>23679 Calabasas Rd. Suite 541<br>Calabasas, CA 91302 | **ATTORNEYS** (If Known) |
| **PARTY** (Check One Box Only)<br>☐ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☒ Creditor   ☐ Other<br>☐ Trustee | **PARTY** (Check One Box Only)<br>☒ Debtor   ☐ U.S. Trustee/Bankruptcy Admin<br>☐ Creditor   ☐ Other<br>☐ Trustee |

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

**COMPLAINT TO DETERMINE DEBT NON-DISCHARGEABLE UNDER 11 U.S.C. § 523**

## NATURE OF SUIT

(Number up to five (5) boxes starting with lead cause of action as 1, first alternative cause as 2, second alternative cause as 3, etc.)

**FRBP 7001(1) – Recovery of Money/Property**
☐ 11-Recovery of money/property - §542 turnover of property
☐ 12-Recovery of money/property - §547 preference
☐ 13-Recovery of money/property - §548 fraudulent transfer
☐ 14-Recovery of money/property - other

**FRBP 7001(2) – Validity, Priority or Extent of Lien**
☐ 21-Validity, priority or extent of lien or other interest in property

**FRBP 7001(3) – Approval of Sale of Property**
☐ 31-Approval of sale of property of estate and of a co-owner - §363(h)

**FRBP 7001(4) – Objection/Revocation of Discharge**
☐ 41-Objection / revocation of discharge - §727(c),(d),(e)

**FRBP 7001(5) – Revocation of Confirmation**
☐ 51-Revocation of confirmation

**FRBP 7001(6) – Dischargeability**
☐ 66-Dischargeability - §523(a)(1),(14),(14A) priority tax claims
☒ 62-Dischargeability - §523(a)(2), false pretenses, false representation, actual fraud
☐ 67-Dischargeability - §523(a)(4), fraud as fiduciary, embezzlement, larceny

**(continued next column)**

**FRBP 7001(6) – Dischargeability (continued)**
☐ 61-Dischargeability - §523(a)(5), domestic support
☒ 68-Dischargeability - §523(a)(6), willful and malicious injury
☐ 63-Dischargeability - §523(a)(8), student loan
☐ 64-Dischargeability - §523(a)(15), divorce or separation obligation (other than domestic support)
☐ 65-Dischargeability - other

**FRBP 7001(7) – Injunctive Relief**
☐ 71-Injunctive relief – imposition of stay
☐ 72-Injunctive relief – other

**FRBP 7001(8) Subordination of Claim or Interest**
☐ 81-Subordination of claim or interest

**FRBP 7001(9) Declaratory Judgment**
☐ 91-Declaratory judgment

**FRBP 7001(10) Determination of Removed Action**
☐ 01-Determination of removed claim or cause

**Other**
☐ SS-SIPA Case – 15 U.S.C. §§78aaa *et.seq.*
☐ 02-Other (e.g. other actions that would have been brought in state court if unrelated to bankruptcy case)

| ☐ Check if this case involves a substantive issue of state law | ☐ Check if this is asserted to be a class action under FRCP 23 |
|---|---|
| ☐ Check if a jury trial is demanded in complaint | Demand $ **approx $27 million** |

Other Relief Sought

**B1040 (FORM 1040) (12/15)**

| BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES | | | |
|---|---|---|---|
| NAME OF DEBTOR<br>Philip M. Lawrence, II | BANKRUPTCY CASE NO.<br>1:23-bk-11082-VK | | |
| DISTRICT IN WHICH CASE IS PENDING<br>Central District California | DIVISION OFFICE<br>Woodland Hills | | NAME OF JUDGE<br>Victoria Kaufman |
| **RELATED ADVERSARY PROCEEDING (IF ANY)** | | | |
| PLAINTIFF | DEFENDANT | | ADVERSARY PROCEEDING NO. |
| DISTRICT IN WHICH ADVERSARY IS PENDING | DIVISION OFFICE | | NAME OF JUDGE |
| SIGNATURE OF ATTORNEY (OR PLAINTIFF)<br><br>/s/ David L. Oberg | | | |
| DATE<br>December 11, 2023 | PRINT NAME OF ATTORNEY (OR PLAINTIFF)<br>David Lawrence Oberg | | |

## INSTRUCTIONS

The filing of a bankruptcy case creates an "estate" under the jurisdiction of the bankruptcy court which consists of all of the property of the debtor, wherever that property is located. Because the bankruptcy estate is so extensive and the jurisdiction of the court so broad, there may be lawsuits over the property or property rights of the estate. There also may be lawsuits concerning the debtor's discharge. If such a lawsuit is filed in a bankruptcy court, it is called an adversary proceeding.

A party filing an adversary proceeding must also must complete and file Form 1040, the Adversary Proceeding Cover Sheet, unless the party files the adversary proceeding electronically through the court's Case Management/Electronic Case Filing system (CM/ECF). (CM/ECF captures the information on Form 1040 as part of the filing process.) When completed, the cover sheet summarizes basic information on the adversary proceeding. The clerk of court needs the information to process the adversary proceeding and prepare required statistical reports on court activity.

The cover sheet and the information contained on it do not replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. The cover sheet, which is largely self-explanatory, must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney). A separate cover sheet must be submitted to the clerk for each complaint filed.

**Plaintiffs** and **Defendants.** Give the names of the plaintiffs and defendants exactly as they appear on the complaint.

**Attorneys.** Give the names and addresses of the attorneys, if known.

**Party**. Check the most appropriate box in the first column for the plaintiffs and the second column for the defendants.

**Demand.** Enter the dollar amount being demanded in the complaint.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the second page of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is pro se, that is, not represented by an attorney, the plaintiff must sign.